UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Cinto,<br>Teresa Cinto,<br>Gloria Cinto, and<br>Elizabeth Cinto,<br><br>                              Plaintiffs,<br>        -v-<br><br>Nuccios Bakery, Inc,<br>Nuccios Bakery & Cookies Corp.,<br>Stefano Stemma, and<br>Pietro Stemma,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiffs Maria Cinto, Teresa Cinto, Gloria Cinto, and Elizabeth Cinto, (collectively "Plaintiffs"), by Abdul Hassan Law Group, PLLC, their attorney, complaining of Defendants Nuccios Bakery, Inc, Nuccios Bakery & Cookies Corp., Stefano Stemma, and Pietro Stemma (collectively "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiffs allege that they were employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiffs further complain pursuant to New York Labor Law, that they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for such hours over forty in a week, (ii) entitled to unpaid minimum wages from Defendants for working and not being paid at a rate of at least the applicable New York State minimum wage rate for each

hour he worked for defendants in a week; (iii) entitled to an extra hour of pay for each day they worked a spread of hours of more than ten (10) hours and (iv) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiffs are also entitled to recover unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Maria Cinto ("Maria") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Plaintiff Teresa Cinto ("Teresa") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

9. Plaintiff Elizabeth Cinto ("Elizabeth") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

10. Plaintiff Gloria Cinto ("Gloria") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

11. Upon information and belief and all times relevant herein, Defendant Nuccios Bakery & Cookies Corp. ("NBC") was a New York for-profit corporation.

12. Upon information and belief and all times relevant herein, Defendant Nuccios Bakery, Inc, ("NBI") was a New York for-profit corporation.

13. Upon information and belief and at all times relevant herein, the names of Defendants Nuccios Bakery, Inc, and Nuccios Bakery & Cookies Corp. were used interchangeably by the same business that employed Plaintiffs and which were controlled by the individual Defendants.

14. Upon information and belief and at all times relevant herein, the corporate Defendants were owned/controlled/managed by Defendant Stefano Stemma ("Stefano") and Pietro Stemma ("Pietro") who were in charge of the operations and management of NBC and NBI.

15. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiffs and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

16. Upon information and belief, Defendants NBC, NBI, Stefano and Pietro shared a place of business in Kings county, New York at 2455 MacDonald Avenue Brooklyn, NY 11223, where Plaintiffs were employed.

17. At all times relevant herein, Plaintiffs were employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

18. Upon information and belief, and at all relevant times herein, Defendants were in the business of making and selling cookies and pastries.

19. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, owned and/or operated one or more locations and employed 15-20 or more employees.

20. Plaintiff Maria was employed by Defendants, individually and/or jointly, from in or around April 2014 to on or about December 2, 2019.

21. Plaintiff Teresa was employed by Defendants, individually and/or jointly, from in or around September 2018 to on or about December 2, 2019.

22. Plaintiff Gloria was employed by Defendants, individually and/or jointly, from on or about October 2, 2018 to on or about December 2, 2019.

23. Plaintiff Elizabeth was employed by Defendants, individually and/or jointly, from in or around November 2018 to on or about December 2, 2019.

24. At all times relevant herein, Plaintiffs were individually and/or jointly employed by Defendants as manual workers performing the physical and repetitive tasks making, packing, and handling cookies and other bakery products, etc.

25. At all times relevant herein, Plaintiff Maria was paid at a rate of about $9.00-$13.00 an hour at various times during her employment with Defendants – rates lower than the applicable NYS minimum wage rates.

26. At all times relevant herein, Plaintiff Teresa was paid at a rate of about $11.00-$12.00 an hour at various times during her employment with Defendants – rates lower than the applicable NYS minimum wage rates.

27. At all times relevant herein, Plaintiff Gloria was paid at a rate of about $10.00-$12.00 an hour at various times during her employment with Defendants – rates lower than the applicable NYS minimum wage rates.

28. At all times relevant herein, Plaintiff Elizabeth was paid at a rate of about $9.00-$12.00 an hour at various times during her employment with Defendants – rates lower than the applicable NYS minimum wage rates.

29. At all times relevant herein, Plaintiffs were paid at their straight regular rate for all hours worked including overtime hours (hours over 40 in a week). For example, for the weekly pay period ending December 21, 2018, Plaintiff Maria worked at least 54.5 hours and was paid at her straight regular rate of $12 an hour for each and all of these 54.5 hours worked. Likewise, for the weekly pay period ending December 15, 2018, Plaintiff Teresa worked at least 69 hours and was paid at a straight regular rate of $10 an hour for each and all of these 69 hours worked. For the weekly pay period ending on or about November 15, 2019, Plaintiff Gloria worked at least 62.5 hours and was paid at her straight regular rate of $12 an hour for each and all of these 62.5 hours worked. For the week ending on or about June 7, 2019, Plaintiff Elizabeth worked at least 52 hours and was paid at her straight regular rate of $12 an hour for each and all of these 52 hours worked. These examples are reflective of Defendants' payment pattern throughout Plaintiffs' employment with them.

30. At all times relevant herein, Plaintiffs worked about 60-90 hours each week for Defendants and sometimes more; 12 or more hours a day, 5-7 days a week.

31. A more precise statement of the hours and wages will be made when Plaintiffs obtain the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

32. At all times relevant herein and for the time Plaintiffs were employed by Defendants, Defendants failed and willfully failed to pay Plaintiffs an overtime rate of at least 1.5 times

their regular rate of pay for all hours worked in excess of forty hours in a week.

33. At all times relevant herein, Defendants failed to pay Plaintiffs at a rate of at least the applicable NYS minimum wage rate for each and all hours worked in a week, for each week during their employment with them.

34. At all times relevant herein, Plaintiffs worked a spread of hours of more than 10 hours a day for most or all days during their employment with Defendants – Plaintiffs worked 12 or more hours a day for most days of the week, for each or all weeks during their employment with Defendants.

35. At all times relevant herein, Defendants paid Plaintiffs on a bi-weekly basis or later in violation of NYLL 191(1)(a)(i).

36. At all times relevant herein, neither Defendant provided Plaintiffs with the notice(s) required by NYLL 195(1).

37. At all times relevant herein, neither Defendant provided Plaintiffs with the statement(s) required by NYLL 195(3).

38. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

39. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

40. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of baking equipment, products and other essential supplies for its business.

41. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

42. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

43. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

44. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

45. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

46. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiffs of their federal and state minimum wage and overtime rights and failed to inform Plaintiffs that they could seek enforcement of such rights through the government enforcement agencies.

47. The circumstances of the termination of Plaintiffs' employment are under review and investigation and may be asserted at a later time or in a separate action.

48. "Plaintiffs" as used in this complaint refers to the named Plaintiffs.

49. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

50. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 49 above as if set forth fully and at length herein.

51. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

52. At all times relevant to this action, Plaintiffs were engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

53. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

54. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiffs overtime compensation at rates of at least 1.5 times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

55. Due to Defendants' FLSA violations, plaintiffs are entitled to recover from Defendants individually and/or jointly, her unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime + Min. wages + SOH)**

56. Plaintiffs allege, and incorporate by reference the allegations in paragraphs 1 through 54 above as if set forth fully and at length herein.

57. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

58. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiffs overtime compensation at rates of at least 1.5 times their regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

59. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiffs at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

60. At all times relevant herein, Plaintiffs worked a spread of hours of more than ten (10) hours each or most days during the period they were employed by Defendants but Defendants failed to pay Plaintiffs an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

**Relief Demanded**

61. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, her unpaid overtime, minimum wage and spread of hours compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

62. Plaintiffs allege, and incorporate each and every allegation contained in paragraphs 1 through 61 above with the same force and effect as if fully set forth at length herein.

63. At all times relevant to this action, Plaintiffs were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

64. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiffs their unpaid overtime wages, minimum wages, and spread of hours wages Plaintiffs were entitled to within the time required by NYLL §§ 191, 193 and 198.

65. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the notice(s) required by NYLL 195(1) – Plaintiffs were therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendants to comply with NYLL 195(1).

66. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

67. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiffs are entitled to recover from Defendants, individually and/or jointly, their entire unpaid wages, including their unpaid overtime, minimum wages, spread of hours wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiffs' rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiffs their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to the **Second Cause of Action**, award Plaintiffs their unpaid overtime wages, minimum wages, spread of hours wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, 2.1, 2.4, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to the **Third Cause of Action**, award Plaintiffs all outstanding wages, including unpaid

overtime wages, minimum wages, spread of hours wages, plus maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL 195(3).

61. Award Plaintiffs prejudgment interest on all monies due;

62. Award Plaintiffs any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

63. Award Plaintiffs such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
        **December 26, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF